**No. 60383.**—H. S. Dorf & Co., Inc., a/c Joseph H. Meyer Bros. *v.* United States, petition 7208–R (New York).

DONLON, Judge: This is a petition for remission of additional duties assessed under section 489 of the Tariff Act of 1930 on merchandise entered March 28, 1947. There was prolonged litigation in connection with appraisement of the merchandise, and the collector did not complete liquidation until September 28, 1955. This petition was timely filed within 60 days after liquidation.

Petitioner has the burden, as in all section 489 cases, of affirmatively showing that "the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise." (Section 489, Tariff Act of 1930.)

In our opinion, petitioner has made the necessary showing by evidence introduced on trial. In addition to the clear-cut declarations of intent usual in such cases, the evidence here introduced reveals a transaction that was complicated by shipping difficulties and merchandise shortages during the period immediately following World War II.

These goods were never intended for importation into the United States, but came through en route from France to destination in Mexico, because direct water shipment from Europe to Mexico was unavailable in 1947. The merchandise before us was part of a larger shipment. This part lay on dock in Mexico, because delivery was refused. It did not enter into the commerce of Mexico, except in the technical sense that it lay there on dock awaiting disposition. Petitioner tried to stop return of the merchandise from Mexico to New York, but failed to intercept shipment. The consular invoice stayed in Mexico, and entry here was necessarily made on a *pro forma* invoice, in the absence of the consular invoice.

After prolonged litigation in the reappraisement proceeding, our appeals court held that, the merchandise was dutiable, as appraised. (*H. S. Dorf & Co., Inc., a/c Joseph H. Meyer Bros.* v. *United States,* 41 C. C. P. A. (Customs) 183, C. A. D. 548.) Appraisement was on the basis of constructive cost of production in Mexico. The additional duties under section 489 were assessed on the difference between the constructive cost of production in Mexico and export value in France.

Counsel for the Government stated, on trial, that the examiner of this merchandise understands that he was supplied with all facts that were available; that it was a question of which value should be taken, French or Mexican; and the appeals court finally ruled for the Mexican value (p. 10).

Counsel for the Government added:

I feel satisfied that all the information that was available was submitted to the customs officials (p. 10).

Judgment for petitioner.